No. 766
STATE v. TEFANOV
Ohio Appeals, 2nd District, Montgomery County
No. 487. Decided July 20, 1923

225. INTOXICATING LIQUORS.
Proof of liquor law violation—Conflict of testimony.

ALLREAD, J.
Epitomized Opinion

Tefanov was convicted in the Dayton Municipal Court of possessing intoxicating liquors. The Common Pleas reversed the judgment and discharged Tefanov. He kept a soft drink place which officers entered and there purchased whiskey. Tefanov was not present at that time. Later in the day the officers returned and requested drinks but were refused by Tefanov. They testified that he emptied a quart container in the sink and they salvaged some of this, which upon analysis was found to contain 14.5% alcohol. Tefanov testified in his own defense and called certain other witnesses. In reversing the Common Pleas and sustaining the conviction of the Municipal Court, the Court of Appeals held:

1. "There was a conflict of testimony, but we are unable to find that the finding and judgment of the Municipal Court was against the manifest weight of the evidence."

Attorneys—A. H. Scharrer and P. J. Wortman, for State; F. W. Kreehbiel, for Tefanov.

No. 767
FRANK v. NEW WATERFORD SAV. and
BANKING CO.
Ohio Appeals, 2nd District, Montgomery County
No. 535. Decided July 20, 1923

226. JUDGMENTS.
Reversal as to right of property in a draft must be on the manifest weight of the evidence.

BY THE COURT.
Epitomized Opinion

Kinnear drew a draft on Frank for $782.45, payable to Waterford Bank, endorsed by it to Dayton National Bank for collection only. Kinnear left the draft at Waterford Bank on Nov. 5, 1921, and was given a duplicate deposit slip. On Nov. 14, Frank paid the draft at Dayton Nat'l Bank and on the same day Frank issued three attachments on his money in the bank in actions against Kinnear. The Waterford Bank credited Kinnear's account with amount of the draft on Dec. 5, 1921. This is an action by Waterford Bank to determine whether Frank or it is entitled to the money. The Municipal Court found in favor of Frank, error was prosecuted to the Common Pleas, which found for the bank. In reversing the judgment and finding for Frank, the Court of Appeals held:

1. "The Municipal Court found that the New Waterford Bank had failed to establish a right to the property in question. The burden of establishing such fact was upon the bank. The trial court cannot be reversed upon this question of fact unless

the reviewing court find that such determination is against the manifest weight of the evidence. The judgment rendered is in harmony with 86 OS. 286."

Attorneys—I. L. Jacobson, for Frank; Munger & Kennedy and V. Z. Dorfmeier, for Bank.

No. 768
COSMOPOLITAN BANK & SAVINGS CO. v.
ROTH et al.
Ohio Appeals, 1st District, Hamilton County
No. 2036. Decided May 21, 1923

257. MORTGAGE.
Decree of cancellation.
Cushing, Buchwalter and Hamilton, JJ.
PER CURIAM.

The entire opinion of the court is as follows:
"This case is here on appeal.
"On the evidence submitted, we find the equities in favor of the defendants on their cross-petition.
"Upon the payment of the sum of two thousand ($2,000) dollars, with interest, the note and mortgage in question will be cancelled.
"A decree may be prepared accordingly."

Attorneys—F. H. Hunkel, for Bank and Savings Co.; Maxwell & Ramsey and J. S. Graydon, for Roth.